UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CORNEL BRISCO

Plaintiff,

vs.

CHICAGO POLICE OFFICERS
VINCENT STINAR, STAR NO. 4017
LENNY PIERRI, STAR NO. 10956
CITY OF CHICAGO,

Defendants

JURY TRIAL DEMANDED

**COMPLAINT**

Now comes Plaintiff, CORNEL BRISCO by and through his attorney, Stephen L. Richards, and make the following complaint against Defendants CHICAGO POLICE OFFICERS VINCE STINAR, STAR NO. 4017, LENNY PIERRI STAR NO. 10956, CITY OF CHICAGO. CORNEL BRISCO states as follows:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff Cornel Brisco's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343

and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). Defendants reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. At all times relevant hereto, Plaintiff Cornel Brisco ("Brisco") was a male resident of Chicago, Illinois.

5. Defendant Vince Stinar, star no. 4017 at all relevant times was employed by the City of Chicago Illinois and was acting within the scope of his employment and under color of law.

6. Defendant Lenny Pierri, star no. 10956 at all times relevant was employed by the City of Chicago, and was acting within the scope of his employment and under color of law.

7. Defendant City of Chicago is an Illinois municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendants Vince Stinar and Lenny Pierri.

## FACTUAL ALLEGATIONS

8. On the night of September 22, 2009, Cornel Brisco was spending 'the night at his friend Gregory Scott's apartment at 1545 North Lorel.

9. After his girlfriend drove him from his south side home to her apartment, he spent the afternoon with her, before going to Gregory's house at about 8:30pm.

10. He went to sleep in the basement apartment at around 10:00 or 11:00 p.m.

11. Brisco slept there because it was a long way from his home in the south suburbs.

12. Brisco was sleeping in the apartment when he was awoken by defendants Stinar and Pierri grabbing him, shoving him to the ground and kicked him.

13. Defendants handcuffed him and took him out of the apartment through the back door and placed him under arrest.

14. Defendant Stinar, with the agreement and complicity of defendant Pierri, wrote a false police report which contained numerous fabrications including:
    (a) Defenndants saw Brisco standing near an unknown male black on a bike,
    (b) Defendants believed that Brisco was robbing the unknown male on a bike,
    (c) Defendants saw Brisco throw a rifle to the ground,
    (d) Defendants found Brisco hiding behind some boxes.

15. Defendant Stinar, with the agreement and complicity of defendant Pierri, filed a false complaint charging Brisco with unlawful use of weapon by a felon and resisting a peace officer.

16. Defendant Stinar and/or defendant Pierri falsely testified against Brisco at a preliminary hearing, which resulted in an information being filed against Cornel Brisco on October 5, 2009.

17. Defendant Stinar gave the same false information to the Assistant States Attorneys who prosecuted Brisco.

18. Defendant Stinar testified to the same false information at Cornel Brisco's bench trial.

19. Cornel Brisco was convicted on October 27, 2009 and sentenced to eleven years in the penitentiary.

20. On March 29, 2012, the Illinois appellate court affirmed his conviction, but vacated his sentence and remanded for new post-trial proceedings. *People v. Brisco*, 2012 IL App (1st) 101612, ¶ 62.

21. On July 18, 2013, Cornell Brisco was resentenced to seven years in the Illinois Department of Corrections on the sole charge of aggravated unlawful use of weapon.

22. On January 9, 2018, the circuit, per Chambers, J., granted Cornell Brisco's petition for relief from judgment under 735 ILCS 5/2-1401 and vacated his conviction pursuant to *People v. Aguilar*, 2013 IL 112116.

23. Cornell Brisco served a total of approximately six years in prison before he was released.

**Count I – Due Process Claim Against Defendant Vince Stinar**

24. Cornel Brisco realleges all previous paragraphs as if fully re-pleaded herein.

25. Defendant Vince Stinar deprived Cornel Brisco of his due process rights under the fourteenth amendment to the Constitution of the United States by fabricating evidence against him.

**Count II – Due Process Claim Against Defendant Lenny Pierri**

26. Cornel Brisco realleges all previous paragraphs as if fully re-pleaded herein.

27. Defendant Lenny Pierri deprived Cornel Brisco of his due process rights under the fourteenth amendment to the Constitution of the United States by fabricating evidence against him.

## PENDANT STATE LAW CLAIMS

### Count III – State Claim Against Defendant City of Chicago

40. Cornel Brisco realleges all previous paragraphs as if fully re-pleaded herein.

41. Illinois law provides that public entities, such as defendant City of Chicago, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

42. At all relevant times, defendants were agents of defendant City of Chicago and were acting within the scope of their employment. Defendant City of Chicago, therefore, is liable as principal for all torts committed by its agents, defendants Stinar and Pierri. .

WHEREFORE, Plaintiff prays for judgment against defendants in a fair and just amount sufficient to compensate them for the injuries he suffered including incarceration, emotional suffering, lost wages, attorneys' fees, plus, plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

CORNEL BRISCO

Plaintiff, /s/

By: Stephen L. Richards
53 West Jackson Suite 756
Chicago, IL 60604
773-817-6927
Sricha5461@aol.com
Attorney No: 6191946