UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

CORNELL BRISCO

                                                  Case No. 2019 c 7233

Plaintiff,

vs.                                             Honorable Steven Seeger,

CHICAGO POLICE OFFICERS                 Judge Presiding
VINCENT STINAR, STAR NO. 4017
LENNY PIERRI, STAR NO. 10956
CITY OF CHICAGO,

Defendants.

                                                                   JURY TRIAL DEMANDED

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO COURT ORDER**

      NOW COMES the Plaintiff, Cornell Brisco by and through his attorneys Stephen L. Richards and Joshua S.M. Richards and files the following supplemental brief in response to this court's order of September 9, 2020. In support thereof, plaintiff states as follows:

      On September 9, 2020, this court entered the following order:

      "Minute before the Honorable Steven C. Seeger: The Court has reviewed the briefs on Defendants' motion to dismiss (Dckt. No. [16]). The parties did not cite any authority on whether a criminal conviction that has exhausted appellate review is considered final for purposes of collateral estoppel even though the conviction was later vacated because of a change in law (e.g., the statute was later declared unconstitutional). See Dckt. Nos. [16], [20], [28]. Defendants cite two cases in their reply brief, but they are not on point. See *Keefe v. Aluminum Co. of Am.*, 166 Ill. App. 3d 316, 116 Ill. Dec. 740, 519 N.E.2d 955 (1st Dist. 1988) (addressing whether a litigant had probable cause to bring a lawsuit for purposes of a malicious prosecution claim, not whether a judgment is final for purposes of collateral estoppel); *Nagy v. McBurney*, 120 RI 925, 931, 392 A.2d 365, 368 (1978) (same). The parties are directed to file supplemental briefs providing any relevant authorities by September 23, 2020. The briefs should address only this issue. Mailed notice. (jjr, )."

      There is a simple reason why defendants were unable to cite any authority for the proposition that a criminal conviction which has exhausted appellate review but which has

1

been vacated because of a change in the law may be considered final for the purposes of collateral estoppel. That is because, at least in Illinois, no such authority exists.

Indeed, the Seventh Circuit has held precisely to the contrary. In *Evans v. Katalinic*, 445 F.3d 953, 955-56 (7th Cir. 2006) the defendants, like the defendants here, argued that collateral estoppel barred plaintiff from arguing that defendants has fabricated evidence against him because plaintiff's motion to suppress identification, which made the same argument, had been heard and denied before plaintiff's conviction was vacated. The Seventh Circuit gave this argument short shrift:

"This is an absurd argument, for any number of reasons: (1) there is no indication that the court "decided" the issue when it denied Evans's motion to suppress — the motion was denied without prejudice, and there is no transcript to tell us what was argued or what the court was thinking; (2) not only were both convictions following the denial of the motion to suppress vacated upon discovery of new evidence, but Evans has since received a full innocence-based pardon from the governor of Illinois and, we are told, had his criminal record expunged — leaving precious little upon which preclusion could be based; (3) Januszewski's deposition testimony provides additional new evidence of the defendants' activities, unknown at the time of the motion to suppress; and (4) collateral estoppel is an equitable doctrine, and the equities are entirely in favor of allowing Evans to proceed with his claim. (On the requirements for invoking collateral estoppel, see generally *Sornberger v. City of Knoxville*, *Ill.*, 434 F.3d 1006, 1020-23 (7th Cir. 2006).)"

Here, similarly, where Cornel Brisco's convictions have been vacated, there remains "precious little upon which preclusion could be based." Moreover, as in *Katalinic*, it would be fundamentally unfair to preclude Cornel Brisco from litigating a claim against defendants when one of his conviction was vacated as unconstitutional and a second conviction was vacated by choice of the prosecution. These rulings deprived him of any further opportunity to attack his convictions as based upon fabricated evidence because, by definition, you cannot vacate a conviction which no longer exists.

*Katalinic* is merely one example of a line cases – both in the Seventh Circuit and in the Illinois courts themselves – which hold the same thing. As the Seventh Circuit put it in *Pontarelli*

2

*Limousine, Inc. v. City of Chicago,* 929 F.2d 339, 340 (7th Cir. 1991) a "vacated judgment has no collateral estoppel or res judicata effect under Illinois law*, Matchett v. Rose*, 36 Ill.App.3d 638, 649, 344 N.E.2d 770, 779 (1976) (or any other law, *No East-West Highway Committee, Inc. v. Chandler*, 767 F.2d 21, 24 (1st Cir. 1985))." And, for the most exhaustive discussion of this issue, the court may want to peruse *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1021 (7th Cir. 2006), which, after a review of the relevant Illinois cases, concluded that a criminal defendant who was never convicted could not be collaterally estopped in a subsequent civil case by an adverse ruling denying her motion to suppress. As the court in *Sornberger* observed, "collateral estoppel is an equitable doctrine," which, even when the technical conditions of the doctrine are met *** must not be applied to preclude an issue "unless it is clear that no unfairness results to the party being estopped."" 434 F.3d at 1023.

It would be extraordinarily unfair to bar Cornel Brisco from finding out whether defendants caused him to wrongfully convicted and imprisoned for six years merely because they happened to also charge him under a statute which was later held to be unconstitutional. Such a ruling would mean, in effect, that a citizen could be deprived of one constitutional right, the right not to be convicted based upon false evidence, because he was at the same time deprived of a second constitutional right, the right to bear arms. No published case justifies such a Kafkaesque result.

It is true that in the cited cases, convictions were reversed because of new evidence, not new law. But what is the difference? From the point of view of a criminal defendant whose conviction has been vacated, he is deprived of any further opportunity to vindicate his constitutional rights once the conviction has been vacated, for whatever reason. In either event, collateral estoppel does not apply.

3

## CONCLUSION

Therefore the motion to dismiss should be denied in its entirety.

                    CORNELL BRISCO

                    Plaintiff,
                    /s/ Stephen L. Richards
                    By: Stephen L. Richards
                    Attorney for Plaintiff
                    53 West Jackson
                    Suite 756
                    Chicago, IL 60604
                    773-817-6927
                    sricha5461@aol.com
                    Attorney No: 6191946

CERTIFICATION OF COUNSEL

The undersigned, Stephen L. Richards hereby certifies that the following document**, PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO COURT ORDER** was served on September 17, 2020 in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), pursuant to the district court's ECF system as to ECF filers, and was sent by first-class mail or by hand delivery to non-ECF filers, if any.

s/ Stephen L. Richards

By: Stephen L. Richards
651 W. Washington Suite 205
Chicago, IL 60661
773-817-6927
Sricha5461@aol.com
Attorney No: 6191946